DAVID STAFFORD, ET AL.                    CIVIL ACTION

VERSUS                                    NO: 11-507

MISSISSIPPI PHOSPHATES CORP.              SECTION: R(2)


**ORDER AND REASONS**

Before the Court is plaintiffs' motion to continue and reset the trial date in this matter.[1]  Because the Court finds that plaintiffs have not shown good cause, the motion is DENIED.


**I.    BACKGROUND**

This dispute arises from plaintiff David Stafford's alleged exposure to "dye-ammonium phosphate," a chemical produced by defendant Mississippi Phosphates Corporation ("Mississippi Phosphates").  Plaintiffs assert that this exposure occurred when he was a crew member aboard the M/V Dredge 32 located in the waters of Bayou Casot, near Pascagoula, Mississippi, and the defendant's loading facility.  Plaintiffs contend that as a result of his exposure, David Stafford suffered injuries including necrotizing fasciitis, rashes, skin lesions and flesh-

---

[1]    R. Doc. 10.

eating bacteria, requiring multiple surgeries, debridement and skin grafts. Plaintiffs allege that David Stafford's injuries were caused by defendant's negligence. Trial in this matter is set for March 5, 2012. Plaintiffs now move to continue the trial date.[2] Defendant opposes the motion.[3]

## III. DISCUSSION

Rule 16(b) provides that "[a] schedul[ing order] may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b). Whether to grant or deny a continuance is within the sound discretion of the trial court. *United States v. Alix*, 86 F.3d 429, 434 (5th Cir. 1996). In deciding whether to grant a continuance, the Court's "judgment range is exceedingly wide," for it "must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's." *Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir. 2000).

Plaintiffs argue that the trial date in this matter should be continued and reset because the case is "not medically mature" for trial, because plaintiffs have not been able to conduct an inspection of defendant's facility, and because the workers'

---

[2]     *Id.*

[3]     R. Doc. 14.

compensation carrier intends to intervene in the matter. Defendant argues that none of these reasons provides a sufficient basis for continuing the trial date. First, defendant argues that Stafford's continuing treatment does not require a continuance of the trial date. Second, defendant explains that it does not oppose an inspection of its facility, but indicates that plaintiffs have not provided the defendant with any proposed dates for such an inspection. Finally, defendant contends that the workers' compensation carrier has not yet intervened despite knowing that the deadline for intervening passed in July. In addition, Mississippi Phosphates asserts that it has complied with all pre-trial deadlines, and that plaintiffs have not.

The Court finds that plaintiffs have not shown good cause for continuing the trial. *See* FED. R. CIV. P. 16(b). First, plaintiffs do not provide the Court with any idea as to when this case will be "medically mature." Plaintiffs do not argue that there is an upcoming surgery date, or other milestone, after which the Court will be able to better assess plaintiff's injuries. The Court will not continue the trial for an indefinite period of time due to plaintiff's ongoing treatment. Second, in their motion, plaintiffs acknowledge that their request to examine the Mississippi Phosphates facility will be accommodated in the near future. Plaintiffs do not suggest that

there is any impediment to conducting the examination, and a mere failure to schedule it does not provide good cause for continuing the trial date. Finally, the Court will not grant a continuance on the grounds that a third-party may decide to intervene in this matter. If, and when, such a party intervenes, plaintiffs may take up the issue at that time.

## IV.  CONCLUSION

For the foregoing reasons, the Court DENIES plaintiffs' motion to continue the trial date in this matter.


New Orleans, Louisiana, this 9th day of January, 2012.


_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE