```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

DAVID STAFFORD, ET AL.                    CIVIL ACTION

VERSUS                                    NO: 11-507

MISSISSIPPI PHOSPHATES CORP.              SECTION: R(2)


### ORDER AND REASONS

Before the Court is plaintiffs' motion for reconsideration of the Court's decision denying plaintiffs' request to continue and reset the trial date in this matter.[1] Because the plaintiffs now indicate that the anticipated date of medical maturity will be May 2, 2012, the Court GRANTS plaintiffs' motion.

### I.   BACKGROUND

This dispute arises from plaintiff David Stafford's alleged exposure to "dye-ammonium phosphate," a chemical produced by defendant Mississippi Phosphates Corporation ("Mississippi Phosphates"). Plaintiffs assert that this exposure occurred when he was a crew member aboard the M/V Dredge 32 located in the waters of Bayou Casot, near Pascagoula, Mississippi, and the defendant's loading facility. Plaintiffs contend that as a result of his exposure, David Stafford suffered injuries

---

[1]   R. Doc. 16.

including necrotizing fasciitis, rashes, skin lesions and flesh-eating bacteria, requiring multiple surgeries, debridement and skin grafts.  Plaintiffs allege that David Stafford's injuries were caused by defendant's negligence.

Trial in this matter is set for March 5, 2012.  On December 6, 2011, plaintiffs moved to continue the trial date and defendant opposed the motion.[2]  Because plaintiffs failed to show good cause for continuing the trial, the Court denied plaintiffs' motion.[3]

Plaintiffs now move the Court to reconsider this decision.[4] First, plaintiffs assert that the anticipated date of maximum medical improvement, or a determination of disability, is May 2, 2012.  Second, plaintiffs argue that they have been unable to inspect defendant's facility because defendant's counsel indicated that she would consult with her client about potential dates for an inspection and then relay these dates, but has not done so.  Finally, plaintiffs argue that they "continue[] to receive volumes of records" from the defendant.

**III. DISCUSSION**

Rule 16(b) provides that "[a] schedul[ing order] may be

---

[2]     R. Docs. 10, 14

[3]     R. Doc. 15.

[4]     R. Docs. 16, 25.

modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b). Whether to grant or deny a continuance is within the sound discretion of the trial court. *United States v. Alix*, 86 F.3d 429, 434 (5th Cir. 1996). In deciding whether to grant a continuance, the Court's "judgment range is exceedingly wide," for it "must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's." *Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir. 2000).

Plaintiffs now argue that the case will be medically mature on May 2, 2012. Plaintiffs' original motion hardly made it clear to the Court that they sought a continuance only past this date. Nowhere in plaintiffs' motion to continue did they cite any specific date or event after which the case would be medically mature. Rather, plaintiffs emphasized the "uncertainty in healing" surrounding Mr. Stafford's condition. Plaintiffs argued that "at the present, [Dr. Lannan] is unable to predict how long these problems will continue".[5] Indeed, in her report, Dr. Lannan stated that she was "unable to predict how long this [Stafford's condition and associated problems] will continue, plus it appears no consultant can really tell me either."[6] Plaintiffs now rely on this report to support the proposition that the anticipated date of maximum medical improvement, or the

---

[5]   R. Doc. 10-1 at 1.

[6]   R. Doc. 10-3.

date of a determination of permanent total disability, is six months from the date of the report, November 2, 2011.  The actual report, however, is not as confident about this deadline as plaintiffs suggest.  Next to the space for the physician to indicate the anticipated date of maximum medical improvement, Dr. Lannan wrote "? 6 months (don't know why it won't heal like the other did!)."[7]  The report also states that Mr. Stafford is "possibly" permanently totally disabled from work.  Accordingly, it was not clear to the Court from the report alone that plaintiffs expected the case to be medically mature by May 2, 2012.  Because plaintiffs now indicate that this is their position, and this anticipated date of medical maturity is only two months after the scheduled trial date, the Court finds that there is good cause to continue the trial.

**IV.   CONCLUSION**

For the foregoing reasons, the Court GRANTS plaintiffs' motion to reconsider.  The trial date in this matter will be reset at a conference with the Court's case manager.

New Orleans, Louisiana, this 2nd day of February, 2012.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[7]   *Id.*